IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>RICHARD EARLY, et al.,<br><br>  Defendants.<br>_____ | No. C 03-2820 MMC (PR)<br><br>**ORDER OF PARTIAL DISMISSAL` AND OF SERVICE** |

On July 17, 2003, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. On January 26, 2004, the Court denied plaintiff's request for leave to proceed in forma pauperis ("IFP"), on the grounds plaintiff had three or more actions or appeals that were dismissed on the grounds they were frivolous, malicious, or failed to state a claim upon which relief may be granted, and because he was not under imminent threat of harm. See 28 U.S.C. § 1915. In light of the denial of leave to proceed IFP, plaintiff was ordered to pay the filing fee or suffer dismissal of the action. On April 12, 2004, the action was dismissed because plaintiff had failed to maintain his correct address with the Court. See Civ. L.R. 3-11. On July 27, 2004, in response to plaintiff's motion for reconsideration, the Court granted plaintiff additional time in which to pay the filing fee. Plaintiff did not pay the filing fee, and, accordingly, the case remained dismissed. A second motion for reconsideration, in this instance for reconsideration of the denial of plaintiff's IFP application, was denied on November 8, 2004, in light of the above-referenced dismissals of earlier actions. See 28 U.S.C. § 1915(g). Plaintiff appealed.

Following plaintiff's appeal, the United States Court of Appeal for the Ninth Circuit vacated the dismissal and remanded the case to this Court for further development of the record. Specifically, the Ninth Circuit ordered this Court to provide the basis for the dismissal of plaintiff's prior cases, to facilitate its determination of whether such dismissals qualified as "strikes" within the meaning of § 1915(g).

**DISCUSSION**

**A.    28 U.S.C § 1915(g)**

The three prior dismissals cited by this Court were civil rights actions brought under 42 U.S.C. § 1983. See Chatman v. Adams, et al., No. 01-3301 MMC (N.D. Cal. Oct. 3, 2001) (hereafter, "Case No. 01-3301"); Chatman v. Horsely, No. 00-2643 MMC (N.D. Cal. Nov. 15, 2000) (hereafter "Case No. 00-2643"); Chatman v. Horsely, No. 00-1807 MMC (N.D. Cal. June 12, 2000) (hereafter "Case No. 00-1807"). Case No. 01-3301 was dismissed on October 3, 2001 for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). See 42 U.S.C. § 1997e(a). Case No. 00-2643 was dismissed on November 15, 2000, in part for failure to state a claim upon which relief may be granted and in part for failure to exhaust. See id.[1] Case No. 00-1807 was dismissed on July 12, 2000 for failure to state a claim upon which relief may be granted. Copies of these orders of dismissal are attached to the instant order.

In Andrews v. King, 398 F.3d 1113 (9th Cir. 2005), the Ninth Circuit provided some guidance with respect to the question of whether a dismissal qualifies as a strike within the meaning of § 1915(g). Specifically, the Ninth Circuit held that the phrase "fails to state a claim on which relief may be granted" in § 1915(g) parallels the language of Federal Rule of Civil Procedure 12(b)(6) and means the same thing. Id. at 1121. As the dismissal in Case No. 00-1807 was for failure to state a claim upon which relief may be granted, it counts as a strike under Andrews. The Ninth Circuit has not addressed the issue of whether a dismissal for failure to exhaust administrative remedies counts as a strike. Of the six circuits that have

---

[1] In particular, one claim was dismissed on its merits for failure to state a claim and one claim was dismissed for failure to exhaust under the PLRA.

2

addressed the issue, four have found a dismissal on such grounds does count as a strike, see Kalinowski v. Bond, 358 F.3d 978, 979 (7th Cir. 2004) (deeming dismissal for failure to exhaust constitutes strike under § 1915(g)); Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1213 (10th Cir. 2003) (same); Rivera v. Allin,144 F.3d 719, 731 (11th Cir. 1998) (same); Patton v. Jefferson Correctional Center, 136 F.3d 458, 460 (5th Cir. 1998) (same), and two have found to the contrary, see Green v. Young, 454 F.3d 405, 406 (4th Cir. 2006) (finding dismissal for failure to exhaust does not count as strike); Snider v. Melindez, 199 F.3d.108, 115 (2nd Cir. 1999) (same).

  In Rivera v. Allin, for example, the Eleventh Circuit found a complaint alleging unexhausted claims under the PLRA is "tantamount to one that fails to state a claim upon which relief may be granted." See Rivera v. Allin, 144 F.3d at 731 (citing, inter alia, Sharps v. United States Forest Service, 28 F.3d 851, 853 (8th Cir. 1994)); see also id. (upholding dismissal under Rule 12(b)(6) where plaintiff had not complied with exhaustion requirements of Federal Tort Claims Act).  This Court, however, finds more persuasive the reasoning set forth in Green v. Young and Snider v. Melindez, wherein the Fourth and Second Circuits, in respectively concluding a failure to exhaust under the PLRA does not constitute a "failure to state a claim" for purposes of § 1915(g), analyzed in detail the particular statutory scheme at issue herein.  See Green v. Young, 454 F.3d at 408-09; Snider v. Melindez, 199 F.3d at 111-112; see also Wyatt v. Terhune, 315 F.3d 1108, 1111 (9th Cir. 2003) (holding failure to exhaust under PLRA "should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion") (citing Ritza v. Int'l Longshoremen's Union of the Pac. v. Dutra Group, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)); see also id. ("None of the defenses described in 12(b)(1) through (7) encompass failure to exhaust.")

  Here, as noted, only one of plaintiff's prior actions was dismissed for failure to state a claim.[2]  Consequently, this Court no longer finds the instant complaint subject to dismissal

---

[2] As discussed, only one of the two claims in Case No. 00-2643 was dismissed for failure to state a claim.  As § 1915(g) makes reference to the dismissal of an "action," rather than a claim, the Court finds the dismissal of Case No. 00-2643 does not qualify as a strike under § 1915(g).  See 28

1 for failure to pay the filing fee, and will proceed to conduct a review of the complaint
2 pursuant to 28 U.S.C. § 1915(e).

**B.     Review of Complaint Pursuant to 28 U.S.C. § 1915(e)**

     1.     Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings, however, must be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

     2.     Plaintiff's Allegations

Plaintiff makes the following allegations in his complaint:

He was transferred from Corcoran State Prison to Salinas Valley State Prison ("SVSP") on July 29, 2001.  Approximately one and a half weeks later, he and his cellmate complained to SVSP "custody staff" that the food service employees were not wearing hats or gloves while distributing food, and that the food was being served on "unsanitary bread racks".  For 41 days during the period between August 16 and October 9, 2001, SVSP was on "lock-down," during which time the inmates were served food in their cells.[3]  During the lock-down, 28 different SVSP employees brought food to plaintiff's cell, but refused to give

---

U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action. . .under this section if the prisoner has, on 3 or more prior occasions. . .brought an action or appeal. . .that was dismissed . . . .")

[3]On the days that SVSP was not in lock-down, September 3-4, 11-14, and 19-26, plaintiff received breakfast, lunch and dinner in the mess hall.

4

1 him and his cellmate breakfast and lunch because he and his cellmate did not turn on the
2 "bright lights," as opposed to the "regular lights," in their cell.  Plaintiff and his cellmate did
3 receive dinner, from the "third watch" staff, under "regular lights."  Due to the "food
4 deprivation," plaintiff experienced dizziness, vomiting, headaches, back pain, hypertension,
5 and leg numbness, and a twenty-pound weight loss.

6 Plaintiff further alleges that officials at SVSP and the California Correctional Institute
7 ("CCI")[4] interfered with, confiscated and "censored" his "legal mail" outside his presence,
8 and that SVSP officials have improperly denied and refused to process his administrative
9 appeals.

10 Plaintiff states he has complained in letters and administrative appeals to various
11 SVSP and other state officials about the "food deprivation," the interference with his mail,
12 and the processing of his administrative appeals, but that these individuals have failed to
13 intercede on his behalf.

14     3.    <u>Claims</u>

15 Plaintiff asserts his rights under the federal and state constitution were violated when
16 defendants deprived him of food, retaliated against him for his complaints about the
17 unsanitary food conditions, interfered with and "censored" his legal mail outside his
18 presence, and denied and failed to properly process his administrative appeals.[5]

19 To the extent plaintiff's claims are based on the deprivation of food, retaliation, and
20 interference with his mail, such claims, liberally construed, are cognizable.  <u>See</u> generally
21 <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (holding Eighth Amendment imposes duties on
22 prison officials to provide all prisoners with basic necessities of life such as food); <u>Rhodes v.
23 Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005) (holding prisoner states viable claim under
24 First Amendment for retaliation due to prisoner's exercise of constitutional rights); <u>O'Keefe</u>

---

[4] Plaintiff was transferred to CCI on December 19, 2001.

[5] These asserted constitutional violations are not set forth in separately enumerated causes of action.  Rather, plaintiff alleges such violations in the course of his discussion of the various defendants and their alleged conduct.

1  v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996) (holding opening and inspecting of "legal
2  mail" outside presence of prisoner may have impermissible "chilling" effect on constitutional
3  right to petition government).  By contrast, to the extent plaintiff alleges officials have denied
4  and failed to properly process his administrative appeals, such allegations do not state a
5  cognizable claim for the violation of his federal constitutional rights.  See Ramirez v. Galaza,
6  334 F.3d 850, 860 (9th Cir. 2003) (holding no constitutional right to prison administrative
7  appeal or grievance system); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (same).
8  Accordingly, plaintiff's claim that his administrative appeals were improperly denied and
9  processed will be dismissed for failure to state a cognizable claim for relief.[6]  Additionally, to
10 the extent plaintiff alleges defendants have violated provisions of the state constitution, such
11 allegations fail to state a cognizable claim for relief herein because a § 1983 claim must be
12 based on the violation of federal law, see West v. Atkins, 487 U.S. 42, 48 (1988), and,
13 accordingly, such claims likewise will be dismissed.

**CONCLUSION**

In light of the foregoing, the Court hereby orders as follows:

1.    Plaintiff's claims, to the extent such claims are based on the denial of and failure to process his administrative appeals and on violations of the California state constitution, are DISMISSED for failure to state a cognizable claim for relief under 42 U.S.C. § 1983.

2.    The Clerk of the Court shall issue summons and the United States Marshall shall serve, without prepayment of fees, a copy of the complaint, all attachments thereto, and a copy of this order upon the following defendants at **Salinas Valley State Prison: Associate Warden M. Monteiro, Captain J. Basso, Lieutenant D. Holt, Lieutenant Peterson, Lieutenant Rice, Custody Captain M.P. Moore, Sergeant Dickerson, Sergeant Kircher, Sergeant Gillary, Sergeant Gomez, Correctional Officer E. Edwards, Correctional Officer D. Galloway, Correctional Officer J. Berry, Correctional Officer M. Sanchez,**

---

[6] As this is the only claim brought against defendant J. Luman, SVSP Appeals Coordinator, the complaint against J. Luman is DISMISSED.

**Correctional Officer M. Munger, Correctional Officer Mendoza, Correctional Officer K. Perez, Correctional Officer Engles, Correctional Officer Negrette, Correctional Officer Ruiz, Correctional Officer M. Miranda, Correctional Officer Broomfield, Correctional Officer Parson, Correctional Officer J. Juarez, Correctional Officer Platting, Correctional Officer P. Lord, Correctional Officer Saucedo, Correctional Officer Ellis, Correctional Officer Chavez, Correctional Officer M. Thomas, Correctional Officer Morris, Correctional Officer B.A. Jansen, Mailroom Supervisor E. Rios;** as well as **Warden A. Calderon at the California Correctional Institute in Tehachapi, California**; **Richard E. Early, Regional Administrator of the Department of Corrections; and John Chen, Chief Deputy Inspector General in the Office of the Inspector General.** Additionally, the Clerk shall mail a courtesy copy of this order to plaintiff and to the California Attorney General's Office.

3. No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants **shall** do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due**.

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

7

       a.    In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[7]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

       b.    In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may

---

[7] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time are not favored, though reasonable extensions will be granted.  However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time.  The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is received.  Any motion for an extension of time must be filed no later than the deadline sought to be extended.

IT IS SO ORDERED.

DATED: October 16, 2006

_____
MAXINE M. CHESNEY
United States District Judge