IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES CHATMAN, | ) | No. C 03-2820 MMC (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CHEN'S MOTION TO DISMISS; DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND COMPLAINT** |
| v. | ) | |
| | ) | |
| RICHARD EARLY, et al., | ) | |
| | ) | |
| Defendants. | ) | (Docket Nos. 48 & 61) |
| _____ | ) | |

Plaintiff Charles Chatman, a state prisoner proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. In an order dated October 16, 2006, the Court found plaintiff had stated cognizable claims for relief based on his allegations of food deprivation, retaliation and interference with his mail. (Docket No. 26.) The Court ordered the complaint served on numerous prison officials at Salinas Valley State Prison ("SVSP"), supervisory officials employed by the California Department of Corrections ("CDC")[1], and John Chen, Chief Deputy Inspector General for the California Office of the Inspector General

---

[1] Although the California Department of Corrections is now the California Department of Corrections and Rehabilitation ("CDCR"), the Court, for the sake of consistency, will continue to refer to the defendant in this action as the CDC.

1  ("OIG").[2]

2  Now before the Court is defendant Chen's motion to dismiss the complaint for failure
3  to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal
4  Rules of Civil Procedure.  (Docket No. 48.)  Plaintiff has filed an opposition to the motion,
5  defendant Chen has filed a reply, and plaintiff has filed a sur-reply.

6  Also before the Court is plaintiff's motion to amend the complaint.  (Docket No. 61.)

## DISCUSSION

### A. Motion to Dismiss

#### 1. Standard of Review

Rule 12(b)(6) provides for the dismissal of a claim "if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  In considering a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Federal courts are particularly liberal in construing allegations made in pro se civil rights complaints.  Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).  In ruling on a Rule 12(b)(6) motion, the court may not consider any material outside the complaint, but may consider exhibits attached thereto.  Arpin v. Santa Clara Valley Transportation Agency, 261 F.3d 912, 925 (9th Cir. 2001); Fed. R. Civ. P. 10(c) (holding exhibits attached to complaint may be treated as part of complaint for purposes of ruling on 12(b)(6) motion).  In addition, the court may consider facts of which it may take judicial notice pursuant to Rule 201(b) of the Federal Rules of Evidence.  Lee v. County of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

#### 2. Factual Background

In connection with the instant motion to dismiss, the Court limits itself to

---

[2]The Court ruled on many procedural matters in this case before ordering the complaint served.  That procedural history is not relevant to the matters now before the Court and is not repeated here.

consideration of the following facts, which either are alleged in the complaint and the attachments thereto or are judicially noticeable.

On July 29, 2001, plaintiff was transferred from Corcoran State Prison to SVSP. Approximately one and one-half weeks later, he and his cellmate complained to SVSP custody staff that the food service employees were not wearing hats or gloves while distributing food, and that the food was being served on "unsanitary bread racks." For forty one days during the period between August 16 and October 9, 2001, SVSP was on "lock-down" and the inmates were served food in their cells.[3] During the lock-down, twenty-eight different SVSP employees brought food to plaintiff's cell but refused to give plaintiff and his cellmate breakfast and lunch because they had not turned on the "bright lights," as opposed to the "regular lights," in their cell. Plaintiff and his cellmate did receive dinner, from the third watch staff, when the regular lights were on. As a result of being deprived of adequate food, plaintiff suffered dizziness, vomiting, headaches, back pain, hypertension and leg numbness, and he lost twenty pounds.

Plaintiff filed administrative appeals and wrote complaint letters to SVSP and CDC officials and a prisoner rights organization about the food deprivation. On August 19, 2001, he also wrote a complaint letter to the OIG requesting an investigation into the matter. On September 21, 2001, defendant Chen, the Chief Deputy Inspector General, responded to the letter, encouraging plaintiff to first use the administrative appeals process or to file a citizens' complaint against a peace officer pursuant to California Penal Code section 148.6. (Compl. Ex. B at 2.) Chen informed plaintiff that if he was not satisfied with the director's level response to his administrative appeals, he could contact Chen's office again. (Id.) On January 31, 2002, Chen wrote to plaintiff telling him that the OIG had completed its review of plaintiff's allegations of food deprivation and had "concluded that this matter requires no further action by this office." (Compl. Ex. B at 3.)

---

[3] On the days that SVSP was not in lock-down, September 3-4, 11-14, and 19-26, plaintiff received breakfast, lunch and dinner in the mess hall.

1   After plaintiff began filing administrative appeals and writing complaint letters,
2   officials at SVSP and at the California Correctional Institute at Tehachapi ("CCI")[4] started
3   interfering with, confiscating and censoring his legal mail.  Plaintiff also filed administrative
4   appeals and wrote complaint letters about these matters.  On October 17, 2001, plaintiff
5   wrote a complaint letter to the OIG regarding censorship of his legal correspondence.  On
6   December 23, 2001, defendant Chen wrote plaintiff that the OIG had initiated an inquiry into
7   his allegations (Compl. Ex. D at 33), and on January 17, 2002, Chen informed plaintiff that
8   the inquiry was completed and that the OIG had "concluded that the matter requires no
9   further action by this office."  (Compl. Ex. D at 34.)

10   Plaintiff alleges that Chen's failure to intervene on his behalf and to require prison
11   officials to provide him with adequate food and to stop interfering with his legal mail
12   violated his rights under the First, Eighth and Fourteenth Amendments to the United States
13   Constitution, as well as various provisions of California law.  He seeks monetary damages.

14   **3.    Legal Analysis**

15   **a.    Eleventh Amendment Immunity**

16   Arguing that plaintiff's allegations state a claim against him only in his official
17   capacity, defendant Chen moves to dismiss the complaint on grounds of Eleventh
18   Amendment immunity.  Plaintiff responds that the complaint makes clear that the claims are
19   being brought against Chen in his personal capacity, and that Ninth Circuit case law requires
20   the  allegations to be so construed.

21   The Court agrees with defendant Chen that, to the extent the complaint can be
22   construed to allege claims for damages against him in his official capacity as Chief Deputy
23   Inspector General, such claims are barred by the Eleventh Amendment.  See Kentucky v.
24   Graham, 473 U.S. 159, 169-70 (1985) (holding Eleventh Amendment bar on damages in
25   federal court action against state remains in effect when state officials are sued for damages
26   in their official capacity).

27

---

[4]Plaintiff was transferred to CCI on December 19, 2001.

4

Accordingly, the motion to dismiss is hereby GRANTED with respect to any and all claims seeking damages against Chen in his official capacity.[5]

The Court agrees with plaintiff, however, that the complaint adequately raises claims against Chen in his individual capacity. The Eleventh Amendment does not bar suits that seek to impose individual liability upon a government officer for actions taken under color of state law. Hafer v. Melo, 502 U.S. 25, 31 (1991). On the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. Id. Thus, when a state official is sued in his individual capacity, the plaintiff need not establish a connection to a governmental policy or custom, see Hafer, 502 U.S. at 25, and state officials may be held liable in their individual capacities for actions they take in their official capacities, see id. at 27. Where state officials are named in a complaint that is silent as to capacity and seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities. Shoshone-Bannock Tribes v. Fish & Game Com'n, Idaho, 42 F.3d 1278, 1284 (9th Cir. 1994) (citing Price v. Akaka, 928 F.2d 824, 828 (9th Cir.1990), cert. denied, 502 U.S. 967 (1991)). "Any other construction would be illogical . . . since a claim for damages against state officials in their official capacities is plainly barred." Id.

Here, as noted, plaintiff alleges that Chen, acting under color of state law, deliberately deprived him of his federal constitutional rights by failing to prevent ongoing constitutional violations against him. In that regard, plaintiff's complaint seeks only damages by way of relief, and nowhere in either the caption or body of the complaint does he state the capacity in which Chen has been sued. Given the above-referenced Supreme Court and Ninth Circuit authority, these allegations, taken together, are sufficient to allow plaintiff to proceed against Chen in his individual capacity.

---

[5] This ruling includes dismissal of plaintiff's state law claims against defendant Chen. See Raygor v. Regents of the University of Minnesota, et al., 534 U.S. 533, 541-42 (2002) (holding Eleventh Amendment immunity extends to claims brought against state in federal court under supplemental jurisdiction statute).

5

1  Accordingly, the motion to dismiss the complaint against Chen in its entirety on
2 Eleventh Amendment grounds is hereby DENIED.

### b. **Failure to Allege a Constitutional Deprivation**

Defendant Chen argues that plaintiff's allegations fail to state a claim against him under § 1983 because he had no authority to provide the relief plaintiff sought and, even if he did, any such authority is wholly discretionary and does not create a constitutionally enforceable right. Plaintiff responds that the applicable statute did enable Chen to act, that Chen in fact encouraged inmates to file complaints against prison officials, and that Chen's authority, even if discretionary, cannot insulate him from suit if his actions were unconstitutional.

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). As set forth below, the Court finds plaintiff's allegations meet both of these requirements.

First, the Court, based on its initial review of plaintiff's complaint, already has found plaintiff's allegations as to food deprivation and mail interference suffice to state claims for the violation of his federal constitutional rights. Plaintiff alleges that Chen's failure to prevent these constitutional violations violated his constitutional rights. The first element thus is satisfied.

The second element also is satisfied. Plaintiff has alleged that Chen's affirmative refusal to take action was an exercise of the power he possessed by virtue of state law, which, plaintiff alleges, was made possible only because Chen was clothed with the authority of the OIG.

Chen argues he was not authorized to act on plaintiff's behalf because the OIG is a separate and independent entity from the CDC, the OIG is an oversight agency that solely reviews CDC policies and procedures, and the OIG has no authority to intervene in CDC

affairs. In making this argument, Chen relies solely on the language of the statutes that describe the duties and responsibilities of the OIG. Standing alone, however, the statutory language does not necessarily lead to such conclusion.[6] Moreover, plaintiff has alleged that Chen actively sought complaints from inmates by posting notices telling them they could contact the OIG about any problems. Further, Chen, after conducting inquiries under the apparent authority of his office, in fact did respond to plaintiff's letters and, when informing plaintiff that no further action on his complaints would be taken, Chen wrote that it was because no such action was required by his office, not because he had no authority to act. Given the record presented at this stage of the proceedings, the Court is unable to conclude that Chen lacked the authority to take action to remedy the violations of which plaintiff complained.

Chen further argues that even if he did have the authority to investigate and take action against prison officials, the decision whether to do so was wholly discretionary, and thus he cannot be held liable for failing to act. An individual acting in a supervisorial capacity may be found liable under § 1983 upon a showing of a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor thus can be held liable for failing to act to prevent constitutional violations of which he was aware. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "It has long been clearly established that '[s]upervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.'" Preschooler II v. Davis, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted).

---

[6] The Court takes judicial notice of the language of the statutes set forth at California Penal Code Chapter 8.2, Office of the Inspector General, section 6125, et seq.

As pled, plaintiff's complaint states a claim against Chen for failing to act in his statutorily-authorized, supervisory capacity, thus resulting in a constitutional violation. Whether Chen may be entitled to absolute immunity because of the discretionary nature of his authority, see Butz v. Economou, 438 U.S. 478, 514-15 (1978) (holding agency officials performing certain discretionary functions should be entitled to absolute immunity), or to qualified immunity, is not raised in the motion to dismiss, and the Court expresses no opinion as to the potential merit of either argument.

Accordingly, to the extent the motion seeks dismissal for failure to allege the violation of a constitutionally enforceable right, the motion is hereby DENIED, and plaintiff may proceed on his claims against Chen in said defendant's individual capacity.

**B.     Plaintiff's Motion to File an Amended Complaint**

On January 25, 2007, after Chen filed his motion to dismiss but before any other defendant had done so, plaintiff filed a motion to amend the complaint. He seeks to add one new defendant, SVSP Warden Anthony Lamarque, who, plaintiff alleges, conspired with other SVSP prison officials to deprive him of food and to interfere with his legal mail.

A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. See Fed. R. Civ. P. 15(a). A motion to dismiss is not a responsive pleading and "[n]either the filing nor granting of such a motion before answer terminates the right to amend . . . ." United States ex rel. Saaf v. Lehman Brothers, 123 F.3d 1307, 1308 (9th Cir. 1997). Consequently, at this juncture, plaintiff is not required to seek leave of court to amend his complaint.

Accordingly, the motion to amend is hereby DENIED as moot.

Plaintiff is informed, however, that if he wants to amend his complaint to include claims against Warden Lamarque, he must file an amended complaint naming Lamarque as a defendant and setting out the details of each claim against him. The amended complaint also must include all claims from the original complaint that plaintiff wants to preserve. An amended complaint supersedes the initial complaint and may not incorporate by reference

any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981); see Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992) (holding defendants not named in amended complaint are no longer defendants).  These rules govern actions filed by pro se litigants as well as litigants represented by counsel.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## CONCLUSION

1. Defendant Chen's motion to dismiss (Docket No. 48) is GRANTED in part and DENIED in part, as set forth above.

2. Plaintiff's motion to file an amended complaint (Docket No. 61) is DENIED as moot.

3. No later than **sixty (60) days** from the date of this order, defendant shall file a motion for summary judgment or other dispositive motion.

Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendant's motion is filed.

Defendant shall file any reply brief no later than **fifteen (15) days** from the date plaintiff's opposition is filed.

The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.[7]

This order terminates Docket Nos. 48 and 61.

IT IS SO ORDERED.

DATED: July 27, 2007

_____
MAXINE M. CHESNEY
United States District Judge

---

[7] In its order of service, the Court set out in detail the obligations pro se litigants bear when responding to either an unenumerated motion to dismiss under Rule 12(b), see Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003), or a motion for summary judgment, see Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Those obligations remain applicable to any such motions filed hereafter in this action.