IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>RICHARD EARLY, et al.,<br><br>    Defendants.<br>_____ | No. C 03-2820 MMC (PR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CONTINUANCE OF DEFENDANT CHEN'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(Docket No. 90)** |

Plaintiff Charles Chatman, a California prisoner proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. In an order dated October 16, 2006, the Court found plaintiff had stated cognizable claims for relief based on his allegations of food deprivation, retaliation and interference with his mail. The Court ordered the complaint served on numerous prison officials at Salinas Valley State Prison, supervisory officials employed by the California Department of Corrections, and John Chen, Chief Deputy Inspector General for the California Office of the Inspector General ("OIG").

On December 15, 2006, Chen filed, under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. On July 27, 2007, after the motion had been fully briefed, the Court granted in part and denied in part Chen's motion to dismiss. The Court granted the motion to dismiss with respect to plaintiff's damages claims against Chen in his official capacity, on Eleventh

Amendment grounds. The Court denied the motion to dismiss with respect to plaintiff's damages claims against Chen in his individual capacity.

In denying the motion to dismiss plaintiff's claims against Chen in his individual capacity, the Court first rejected Chen's argument that he had no statutory authority to provide plaintiff with the relief plaintiff sought when plaintiff sent to the OIG letters complaining about inadequate food and mail interference. The Court found the relevant statutory language did not necessarily lead to the conclusion that Chen had no such authority, and that plaintiff had alleged facts in his complaint showing that Chen had acted in a manner consistent with such authority. Accordingly, given the record at that stage of the proceedings, the Court found it was unable to conclude Chen lacked the authority to take action to remedy the violations of which plaintiff complained. (See Order, filed July 27, 2007, at 7.)

The Court next rejected Chen's argument that even if Chen did have the authority to investigate and take action against prison officials, the decision whether to do so was wholly discretionary, and thus Chen cannot be held liable for failing to act. The Court found plaintiff's complaint states a claim against Chen for failing to act in his statutorily-authorized, supervisory capacity, thus resulting in a constitutional violation. (See id. at 8.)

On September 25, 2007, Chen filed a motion for summary judgment. According to the briefing schedule set by the Court, plaintiff's opposition was due thirty days thereafter. On October 15, 2007, plaintiff filed a "Motion for Continuance of Summary Judgment Hearing Pursuant to Fed. R. Civ. P. 56(f)." Plaintiff asks for a continuance of ninety days for the purpose of conducting discovery necessary to prepare an adequate response to the motion for summary judgment.

Rule 56(f) of the Federal Rules of Civil Procedure provides, in relevant part:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

1  Fed. R. Civ. P. 56(f).  In his motion, plaintiff sets forth in detail the discovery he seeks and
2  its relevance to his opposition to Chen's motion for summary judgment.  Plaintiff states he
3  attempted to obtain such information by sending a letter to Chen's attorney, but that he
4  received no response to the letter.  He states he also attempted to obtain certain information
5  directly from the OIG, but that the response he received to his request was inadequate.  In
6  sum, plaintiff seeks a continuance to engage in formal discovery in order to obtain
7  information necessary to his opposition.

8       In light of plaintiff's pro se status and incarcerated status, and for the reasons set forth
9  in plaintiff's motion, the request for a continuance is GRANTED.

10       Plaintiff shall file his opposition to Chen's motion for summary judgment no later than
11  **ninety (90)** days from the date this order is filed.  Chen shall file a reply no later than **fifteen**
12  **(15)** days from the date the opposition is filed.  The motion is deemed submitted as of the
13  date the reply brief is due.  No hearing will be held on the motion unless the Court so orders
14  at a later date.

15       Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No
16  further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is
17  required before the parties may conduct discovery.

18       No motion to compel will be considered by the Court unless the meet-and-confer
19  requirements of Federal Rule of Civil Procedure 37(a)(2)(B) and Local Rule 37-1 have been
20  satisfied.  Because plaintiff is incarcerated, the parties may satisfy the meet-and-confer
21  requirements by way of written communication.

22       This order terminates Docket No. 90.

23       IT IS SO ORDERED.

24  DATED: November 13, 2007

25                                MAXINE M. CHESNEY
26                                United States District Judge

27