United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES CHATMAN, | ) | No. C 03-2820 MMC (PR) |
| Plaintiff, | ) | **ORDER OF SERVICE RE: AMENDED COMPLAINT; SETTING BRIEFING SCHEDULE; DENYING DISPOSITIVE MOTIONS WITHOUT PREJUDICE; DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | ) | |
| RICHARD EARLY, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | **(Docket Nos. 69, 81 & 93)** |

In 2003, plaintiff Charles Chatman, a state prisoner proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. In 2004, the action was dismissed by the Court and, in 2005, the Court of Appeals vacated the order of dismissal and remanded the matter. Thereafter, in an order dated October 16, 2006, the Court found plaintiff had stated cognizable claims for relief based on his allegations of food deprivation, retaliation and interference with his mail; the Court ordered the complaint served on thirty-six defendants.[1] To date, nineteen defendants have been served and made an appearance in this matter. Eighteen of the served defendants are represented by the Attorney General's Office ("AG defendants"), and one defendant, John Chen ("Chen"), is represented by counsel for the California Office of the Inspector General ("OIG").

---

[1] Said defendants included numerous prison officials at Salinas Valley State Prison, supervisory officials employed by the California Department of Corrections, and John Chen, Chief Deputy Inspector General for the California Office of the Inspector General.

The following matters are now before the Court: (1) plaintiff's first amended complaint ("AC"); (2) the AG defendants' motion to dismiss the complaint for failure to exhaust administrative remedies, as a non-enumerated motion under Rule 12(b) of the Federal Rules of Civil Procedure,[2] and for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6); (3) defendant Chen's motion for summary judgment pursuant to Rule 56; and (4) plaintiff's motion for the appointment of counsel.

**DISCUSSION**

A. <u>Amended Complaint</u>

On January 3, 2008, plaintiff filed his AC. A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. See Fed. R. Civ. P. 15(a). Motions under Rule 12 or for summary judgment under Rule 56 are not "responsive pleadings"; consequently, filing such a motion does not bar the plaintiff from thereafter amending the complaint once as a matter of right. See William W. Schwarzer, et al., <u>Federal Civil Procedure Before Trial</u> § 8:376 (2007) (citing <u>Crum v. Circus Circus Enterprises</u>, 231 F.3d 1129, 1130 n.3 (9th Cir. 2000) (Rule 12 motion) and <u>McDonald v. Hall</u>, 579 F.2d 120, 121 (1st Cir. 1978) (Rule 56 motion)). Accordingly, although defendants have filed a motion to dismiss and a motion for summary judgment, both of which are pending before the Court, plaintiff may amend his complaint as a matter of course under Rule 15(a).

The Court must review the AC before it can proceed, however; under 28 U.S.C. § 1915A, a federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2).

---

[2]Hereinafter, all references to "Rules" are to the Federal Rules of Civil Procedure, unless otherwise noted.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

1. Claims

Plaintiff makes the following allegations in the AC.

On July 29, 2001, plaintiff was transferred from Corcoran State Prison to Salinas Valley State Prison ("SVSP"). Approximately one and one-half weeks later, SVSP was placed on lockdown status and the inmates were served food in their cells. Plaintiff and his cellmate complained to SVSP custody staff that the food was being served in unsanitary conditions. During the lockdown, numerous SVSP employees brought food to plaintiff's cell but refused to give plaintiff and his cellmate breakfast and lunch because they had not turned on the "bright lights," as opposed to the "regular lights," in their cell. The lockdown and food deprivation lasted from August 16 through October 9, 2001. As a result of being deprived of adequate food, plaintiff suffered dizziness, vomiting, headaches, back pain, hypertension and leg numbness, and he lost more than twenty pounds.

Plaintiff filed administrative appeals and wrote complaint letters to SVSP and California Department of Corrections ("CDC") officials, as well as to a prisoner rights organization, about the food deprivation. He also wrote the OIG a complaint letter, requesting an investigation into the matter. None of the prison or CDC officials or the OIG's office intervened on plaintiff's behalf.

On August 29, 2001, plaintiff was returned to his cell from the infirmary, where he was seen for medical reasons. Plaintiff was told to strip naked for a search, which he did; because of his health concerns, however, he refused to comply with a correctional officer's demand that he walk barefoot for twenty-five yards on the cold concrete floor. As a result, plaintiff was placed on "Management Control Status" ("MCS") for four days, during which

time his personal property, including essential items such as toilet paper, soap, a toothbrush and toothpaste, was confiscated, the water supply to his cell was turned off, and he was denied access to a doctor. Subsequently, plaintiff was charged with a rules violation for disobeying a direct order. Plaintiff appealed the matter of his placement on MCS to SVSP and CDC officials, but his appeals were denied.

After plaintiff began filing administrative appeals and writing complaint letters, officials at SVSP and at the California Correctional Institute at Tehachapi ("CCI")[3] started interfering with, confiscating and censoring his legal mail. Plaintiff filed administrative appeals with SVSP and CDC officials concerning the legal mail problems, and also wrote a complaint letter to the OIG regarding censorship of his legal correspondence. None of the prison or CDC officials or the OIG's office intervened on plaintiff's behalf.

Plaintiff asserts the following causes of actions for monetary damages based on the above allegations: (1) the violation of plaintiff's First and Fourteenth Amendment rights because defendants interfered with, confiscated and censored plaintiff's legal mail, and they did so in retaliation for plaintiff's complaints about the conditions of his confinement; (2) the violation of plaintiff's First, Eighth and Fourteenth Amendment rights because defendants denied plaintiff adequate food while he was on lockdown, and they did so in retaliation for plaintiff's complaints about unsanitary food conditions; (3) the violation of plaintiff's First, Eighth and Fourteenth Amendment rights because defendants placed plaintiff on MCS status and denied him basic necessities, and they did so in retaliation for plaintiff's complaints about unsanitary food conditions; (4) negligence; (5) intentional and negligent infliction of emotional distress; and (6) personal injury.

Liberally construed, plaintiff's first, second and third causes of action state cognizable claims for relief under § 1983. Plaintiff's fourth, fifth and sixth causes of action are not cognizable under § 1983, however, because they are state tort claims and do not allege the violation of a right secured by the Constitution or laws of the United States. See West, 487

---

[3]Plaintiff was transferred to CCI on December 19, 2001.

4

U.S. at 48 (holding claim under § 1983 must allege violation of right secured by Constitution or laws of United States). Accordingly, plaintiff's fourth, fifth and sixth causes of action will be dismissed without prejudice to plaintiff's pursuing said causes of action in state court.

    2. <u>Defendants</u>

In the AC, plaintiff names as defendants thirty-five of the thirty-six defendants he named in the original complaint; the one defendant named in the original complaint who is not named as a defendant in the AC is Custody Captain P. Moore. Accordingly, Moore will be dismissed as a defendant from this action.

Nineteen of the defendants who are named in both the AC and the original complaint have been served in this action and have made an appearance through counsel.[4] Accordingly, the Clerk need not issue additional summons and the United States Marshal ("Marshal") need not effectuate further service of the AC on said defendants; rather, <u>plaintiff must serve counsel for these defendants with the AC</u>.

An additional sixteen defendants who are named in both the AC and the original complaint were previously ordered served in this matter, but service was not effected because the defendants could not be located.[5] While a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." <u>Rochon v. Dawson</u>, 828 F.2d 1107, 1110 (5th Cir. 1987).

When plaintiff filed his original complaint, he did not provide sufficient information to allow the Marshal to locate and serve the sixteen referenced defendants, nor has he provided any further information in that regard since the time the summonses for these

---

[4]These defendants are: Kircher, Juarez, Moore, Galloway, Jansen, Lord, Basso, Monteiro, Negrette, Broomfield, Saucedo, Perez, Berry, Ellise, Rice, Holt, Rios, Calderon and Chen.

[5]These defendants are: Early, Peterson, Dickerson, Gillary, Gomez, Edwards, Sanchez, Munger, Mendoza, Engles, Ruiz, Miranda, Parson, Platting, Chavez and Thomas.

5

defendants were returned by the Marshal as unexecuted. Accordingly, at this time the Court will not reissue summons and order the Marshal to attempt to effectuate service of the AC on these defendants; rather, plaintiff must either himself effectuate service on said defendants, or provide the Court with sufficient information such that the Marshal is able to effectuate such service.

Two defendants named in the AC – SVSP Warden Lamarque and SVSP Correctional Officer G. Goodrum – were not named in the original complaint. Accordingly, the Court will order the Clerk to issue summons and the Marshal to serve these defendants.

B.     Pending Dispositive Motions

Two dispositive motions are currently pending before the Court.

On March 15, 2007, the AG defendants filed a motion to dismiss the complaint for failure to exhaust administrative remedies, as a non-enumerated motion under Rule 12(b), and for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6). Plaintiff has filed an opposition to the motion, defendants have filed a reply, and plaintiff has filed a sur-reply.

On September 25, 2007, Chen filed a motion for summary judgment. On November 13, 2007, the Court granted plaintiff's motion for a continuance to file opposition to the motion; to date, plaintiff has not filed an opposition.

As discussed above, the AG defendants and Chen are named as defendants in the AC; consequently, because the AC supercedes the original complaint, the dispositive motions the AG defendants and Chen have filed in response to the original complaint will be denied as moot. Such dismissal will be without prejudice to defendants' renewing said motions, or any portions thereof, after defendants have been served with the AC.

C.     Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to

6

"request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff shall serve a copy of the AC on counsel for the following defendants: Kircher, Juarez, Moore, Galloway, Jansen, Lord, Basso, Monteiro, Negrette, Broomfield, Saucedo, Perez, Berry, Ellise, Rice, Holt, Rios, Calderon and Chen.

2. Within **ninety (90) days** of the date this order is filed, plaintiff must either himself effectuate service, or provide the Court with sufficient information such that the Marshal is able to effectuate service, of the AC on the following defendants: Early, Peterson, Dickerson, Gillary, Gomez, Edwards, Sanchez, Munger, Mendoza, Engles, Ruiz, Miranda, Parson, Platting, Chavez and Thomas.

3. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, <u>a copy of the AC (Docket No. 94) in this matter, all attachments thereto, and a copy of this order</u> upon **Warden A.A. Lamarque and Correctional Officer G. Goodrum,** at **Salinas Valley State Prison.**

4. No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the AC found to be cognizable above.

  a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert.</u> denied <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).

b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.</u>**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

    a. In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[6]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated

---

[6]The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

> documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. Defendants' motion to dismiss and motion for summary judgment are hereby DENIED as moot, without prejudice to defendants' renewing said motions, or any portions thereof, after defendants have been served with the AC. (Docket Nos. 69 & 81.)

10. Plaintiff's motion for appointment of counsel is hereby DENIED without prejudice. (Docket No. 93.)

11. All communications by plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

12. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

13. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket Nos. 69, 81 and 93.

IT IS SO ORDERED.

DATED: February 11, 2008

_____
MAXINE M. CHESNEY
United States District Judge