IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RICHARD EARLY, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 03-2820 MMC (PR)<br><br>**ORDER DENYING REQUEST FOR EMERGENCY TELEPHONIC CONFERENCE; GRANTING FINAL EXTENSION OF TIME TO PLAINTIFF TO FILE OPPOSITION TO DEFENDANTS' DISPOSITIVE MOTIONS**<br><br>**(Docket No. 120)** |

In 2003, plaintiff Charles Chatman, a state prisoner proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983.[1] On February 11, 2008, the Court directed that plaintiff's amended complaint be served and set a briefing schedule for dispositive motions. On May 12, 2008, the defendants represented by the Attorney General's Office filed a motion to dismiss; that same date, defendant Chen, who is represented by counsel for the California Office of the Inspector General, filed a motion for summary judgment. According to the Court's briefing schedule, plaintiff was to file his opposition to said motions within thirty days of the date the motions were filed.

On July 1, 2008, the Court granted plaintiff an extension of time until August 1, 2008, to file his opposition, in light of plaintiff's representation to the Court that following his return to High Desert State Prison from an outside hospital on May 29, 2008, he was placed in administrative segregation without access to his legal property.

---

[1] In 2004, the action was dismissed by the Court and, in 2005, the Court of Appeals vacated the order of dismissal and remanded the matter. In 2006, the Court found plaintiff stated cognizable claims for relief against thirty-six defendants.

1       Thereafter, on August 21, 2008, the Court granted plaintiff a second extension of time, 2 in this instance until September 22, 2008, to file his opposition to defendants' motions.  The 3 Court granted the extension in light of plaintiff's representation that, as of July 31, 2008, 4 plaintiff remained in administrative segregation at High Desert State Prison and was still 5 being denied access to his legal property.  Additionally, plaintiff stated he had filed an 6 administrative appeal seeking access to the documents he required to prepare his opposition, 7 but had not yet received a response.  In its order granting the extension of time, the Court 8 noted that although prison officials at High Desert State Prison are not parties to the instant 9 action, and the Court thus lacks jurisdiction to order such individuals to provide plaintiff with 10 access to his legal materials, the Court nevertheless would request that prison officials 11 provide plaintiff with reasonable access to his legal materials for purposes of his complying 12 with the deadlines set forth in the order.  Accordingly, the Court directed the Clerk of the 13 Court to send a courtesy copy of the order to Warden Tom Felker at High Desert State 14 Prison.

15       Now before the Court is plaintiff's request, filed September 24, 2008, for an 16 emergency telephonic conference.  In said request, plaintiff states that he remains in 17 administrative segregation at High Desert State Prison and is of the belief that his legal 18 correspondence to the Court is being intercepted and destroyed.  He further states that he is 19 on a starvation diet to protest his placement in administrative segregation, and is not 20 receiving proper medical attention. Plaintiff states: "For the above reasons, I need a 21 telephonic conference immediately to engage the Court in a plan of action to facilitate this 22 action."  (Pl.'s Decl. Supp. Request ¶ 19).

23       Plaintiff's request for an emergency telephonic conference is hereby DENIED.  As the 24 Court explained to plaintiff in its previous order, the Court cannot compel prison officials at 25 High Desert State Prison, who are not parties to the instant action, to facilitate plaintiff's 26 litigation of the instant action.  Thus, while the Court previously requested that prison 27 officials at High Desert State Prison provide plaintiff with reasonable access to his legal 28 materials for purposes of plaintiff's complying with the deadlines in this matter, no further

1  action will be taken by the Court in such regard.  Further, while plaintiff states in his request
2  that he is of the belief that his outgoing legal correspondence is being intercepted and
3  destroyed by prison officials at High Desert State Prison, the Court takes judicial notice that,
4  in addition to the above-titled action in which plaintiff was able to file the instant request for
5  a telephonic conference, plaintiff is currently prosecuting six pro se prisoner actions in the
6  United States District Court for the Eastern District of California and filed documents in five
7  of those actions in the months of September and October 2008.[2]

8  As noted, the original due date for plaintiff's opposition to defendants' motions was
9  thirty days after the dispositive motions were filed on May 12, 2008.  Most recently, plaintiff
10 was granted a second extension, to September 22, 2008, to file his opposition, but he failed to
11 do so.  In light of such prior accommodations, as well as the Court's interest in the efficient
12 resolution of this action, which was first filed more than five years ago, the Court will grant
13 plaintiff one final extension of time to file his opposition to defendants' dispositive motions.

14 Accordingly, plaintiff shall file his opposition to defendants' dispositive motions on or
15 before December 31, 2008.  Defendants shall file a reply within fourteen days of the date the
16 opposition is filed.  Should plaintiff fail to timely file an opposition, the dispositive motions
17 will be deemed submitted and ready for a ruling by the Court as of the date the opposition is
18 due.  No further extensions of time will be granted.

19 This order terminates Docket No. 120.

20 IT IS SO ORDERED.

21 DATED:  October 29, 2008

22 _____
   MAXINE M. CHESNEY
23 United States District Judge

---

[2] See Chatman v. Felker, No. C 08-2055 GEB-JFM (HC) (showing documents filed by plaintiff Oct. 2 & 14, 2008); Chatman v. Felker, No. C 08-2054 FCD-EFB (HC) (showing document filed by plaintiff Oct. 1, 2008); Chatman v. Johnson, No. C 06-0578 MCE-EFB (PC) (showing documents filed by plaintiff Sept. 24 & Oct. 6, 2008); Chatman v. Tyner, No. C 03-6636 AWI-SMS (PC) (showing document filed by plaintiff Sept. 24, 2008); Chatman v. Felker, No. C 03-2415 JAM-KJM (PC) (showing document filed by plaintiff Sept. 11, 2008).

3