IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES CHATMAN, | ) | No. C 03-2820 MMC (PR) |
| Plaintiff, | ) ) | **ORDER DIRECTING CLERK TO PROVIDE PLAINTIFF WITH COPIES OF** |
| v. | ) ) | **DEFENDANTS' DISPOSITIVE MOTIONS; NOTIFYING PLAINTIFF MOTIONS WILL** |
| RICHARD EARLY, et al., | ) ) | **BE DEEMED UNOPPOSED IF TIMELY OPPOSITION NOT FILED** |
| Defendants. | ) ) | |

In 2003, plaintiff Charles Chatman, a state prisoner proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983.[1] On February 11, 2008, the Court directed that plaintiff's amended complaint be served and set a briefing schedule for dispositive motions. On May 12, 2008, the defendants represented by the Attorney General's Office filed a motion to dismiss; that same date, defendant Chen, who is represented by counsel for the California Office of the Inspector General, filed a motion for summary judgment. According to the Court's briefing schedule, plaintiff was to file his opposition to said motions within thirty days of the date the motions were filed.

On July 1, 2008, the Court granted plaintiff an extension of time until August 1, 2008, to file his opposition, in light of plaintiff's representation to the Court that following his return to High Desert State Prison from an outside hospital on May 29, 2008, he was placed in administrative segregation without access to his legal property.

---

[1] In 2004, the action was dismissed by the Court and, in 2005, the Court of Appeals vacated the order of dismissal and remanded the matter. In 2006, the Court found plaintiff stated cognizable claims for relief against thirty-six defendants.

Thereafter, on August 21, 2008, the Court granted plaintiff a second extension of time, in this instance until September 22, 2008, to file his opposition to defendants' motions. The Court granted the extension in light of plaintiff's representation that, as of July 31, 2008, plaintiff remained in administrative segregation at High Desert State Prison and was still being denied access to his legal property. Additionally, plaintiff stated he had filed an administrative appeal seeking access to the documents he required to prepare his opposition, but had not yet received a response. In its order granting the extension of time, the Court noted that although prison officials at High Desert State Prison are not parties to the instant action, and the Court thus lacks jurisdiction to order such individuals to provide plaintiff with access to his legal materials, the Court nevertheless would request that prison officials provide plaintiff with reasonable access to his legal materials for purposes of his complying with the deadlines set forth in the order. Accordingly, the Court directed the Clerk of the Court to send a courtesy copy of the order to Warden Tom Felker at High Desert State Prison.

On September 24, 2008, plaintiff filed a request for an emergency telephonic conference. In said request, plaintiff wrote that he remains in administrative segregation at High Desert State Prison and is of the belief that his legal correspondence to the Court is being intercepted and destroyed. He further wrote that he was on a starvation diet to protest his placement in administrative segregation, and was not receiving proper medical attention. Plaintiff stated: "For the above reasons, I need a telephonic conference immediately to engage the Court in a plan of action to facilitate this action." (Pl.'s Decl. Supp. Request ¶ 19).

By order dated October 29, 2008, the Court denied plaintiff's request for an emergency telephonic conference as follows:

> As the Court explained to plaintiff in its previous order, the Court cannot compel prison officials at High Desert State Prison, who are not parties to the instant action, to facilitate plaintiff's litigation of the instant action. Thus, while the Court previously requested that prison officials at High Desert State Prison provide plaintiff with reasonable access to his legal materials for purposes of plaintiff's complying with the deadlines in this matter, no further action will be taken by the Court in such regard. Further, while plaintiff states

      in his request that he is of the belief that his outgoing legal correspondence is being intercepted and destroyed by prison officials at High Desert State Prison, the Court takes judicial notice that, in addition to the above-titled action in which plaintiff was able to file the instant request for a telephonic conference, plaintiff is currently prosecuting six pro se prisoner actions in the United States District Court for the Eastern District of California and filed documents in five of those actions in the months of September and October 2008.[2]

(Order, filed Oct. 29, 2008, at 2-3.) Nevertheless, the Court granted plaintiff one final extension of time, until December 31, 2008, to file his opposition to defendants' dispositive motions. In so doing, the Court informed plaintiff that if he failed to timely file an opposition, the dispositive motions would be deemed submitted and ready for a ruling by the Court as of the date the opposition is due and no further extensions of time would be granted.

      On January 2, 2009, plaintiff filed a "Status Report and Objection to Court Order" in which he states that he cannot file his opposition to defendants' dispositive motions because he still is being denied access to his legal materials at High Desert State Prison. Understanding that the Court cannot order prison officials at High Desert State Prison to facilitate plaintiff's litigation of this action, plaintiff now asks the Court to delay ruling on defendants' dispositive motions until plaintiff is able to obtain access to his legal materials.

      Plaintiff's request will be denied. The instant action was filed more than five and one-half years ago and defendants' dispositive motions have been pending for eight months. Under such circumstances, the Court finds the resolution of this action should not be further delayed, particularly given plaintiff's apparent inability to determine when he will be provided with his legal materials and, consequently, what is, in effect, a request for an indefinite delay. Defendants are entitled to have the action resolved rather than pending indefinitely.

      Plaintiff has stated that he is unable to file his opposition because of his inability to

---

[2] See Chatman v. Felker, No. C 08-2055 GEB-JFM (HC) (showing documents filed by plaintiff Oct. 2 & 14, 2008); Chatman v. Felker, No. C 08-2054 FCD-EFB (HC) (showing document filed by plaintiff Oct. 1, 2008); Chatman v. Johnson, No. C 06-0578 MCE-EFB (PC) (showing documents filed by plaintiff Sept. 24 & Oct. 6, 2008); Chatman v. Tyner, No. C 03-6636 AWI-SMS (PC) (showing document filed by plaintiff Sept. 24, 2008); Chatman v. Felker, No. C 03-2415 JAM-KJM (PC) (showing document filed by plaintiff Sept. 11, 2008).

1  access his legal materials.  In one final effort to assist plaintiff with the filing of an
2  opposition, the Court hereby DIRECTS the Clerk of the Court to provide plaintiff with
3  copies of defendants' dispositive motions and attachments thereto.  Plaintiff may file his
4  opposition to defendants' motions on or by **February 23, 2009.**  Defendants shall file a reply
5  within <u>fourteen</u> days of the date the opposition is filed.  Should plaintiff fail to timely file an
6  opposition, the dispositive motions will be deemed unopposed and ready for a ruling by the
7  Court as of the date the opposition is due.  <u>The Court will not entertain any further requests</u>
8  <u>from plaintiff for an extension of time to file his opposition</u>.

    IT IS SO ORDERED.

DATED: January 16, 2009

_____
MAXINE M. CHESNEY
United States District Judge